UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT VERLYNN CLARK, | No. 2:16-cv-0718-EFB P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He contends that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure." *See* ECF No. 6 at 4, 8[2] (claiming that officer's conclusory report of a cracked windshield failed to demonstrate a reasonable suspicion for a traffic stop).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Here, petitioner has not alleged or shown that the state court failed to provide him with a full and fair opportunity to litigate his Fourth Amendment claim. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("[t]he relevant inquiry [under *Stone*] is whether petitioner had an opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."). On the contrary, the record reflects that petitioner filed a motion to suppress with respect to the officer's traffic stop, and had a full and fair opportunity to litigate that motion before the Sacramento County Superior Court. *See* ECF No. 6 at 1, 10. Because petitioner had a fair opportunity to and did, in fact, litigate his Fourth Amendment claim in state court, his Fourth Amendment claim is barred from consideration in this federal habeas proceeding. *Stone*, 428 U.S. at 494.

Accordingly, the petition for a writ of habeas corpus must be summarily dismissed. *See Cost v. Grounds*, No. CIV. S-12-0368-DAD, 2012 U.S. Dist. LEXIS 44280 (E.D. Cal. Mar. 28, 2012) (summarily dismissing petition raising Fourth Amendment claim as precluded by *Stone*).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is summarily dismissed.

2. The Clerk is directed to close the case.

3. The court declines to issue a certificate of appealability.

DATED: June 13, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2